■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KOGUT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaugnessy, J.), rendered June 27, 1986, convicting him of murder in the second degree (two counts) and rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his statements to the police should have been suppressed. While originally denying involvement in the death and rape of the victim, the defendant subsequently made numerous inculpatory statements after he was informed by the police that they were having trouble with the results of his polygraph test. We agree with the hearing court's determination that the defendant voluntarily accompanied the police to the station house and voluntarily submitted to the polygraph examination *(see, People v Prochilo,* 41 NY2d 759). In addition, the totality of the circumstances indicate that the defendant's statements were voluntarily made. The defendant was properly advised of

and waived his constitutional rights and there was no evidence that anyone misrepresented the efficacy or legality of the polygraph examination. Nor did the police use any deception or stratagems so fundamentally unfair as to deny the defendant due process (see, People v Tarsia, 50 NY2d 1; People v Madison, 135 AD2d 655, affd 73 NY2d 810; cf., People v Leonard, 59 AD2d 1).

The defendant failed to preserve for appellate review his contentions concerning the allegedly improper remarks made by the prosecutor during summation (see, CPL 470.05 [2]).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.